# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| DERRICK WYNN, : | |
| : | |
| Plaintiff, : | |
| vs. : | |
| : | CIVIL ACTION NO:1:04-CV-37(WLS) |
| GA. DEPT. OF CORRECTIONS, et al. : | |
| : | **PROCEEDINGS UNDER 42 U.S.C. § 1983** |
| : | **BEFORE THE U.S. MAGISTRATE JUDGE** |
| : | |
| Defendants. : | |

## RECOMMENDATION

Plaintiff, **DERRICK WYNN**, filed the above-styled pro se civil rights complaint pursuant to 42 U.S.C. § 1983, alleging violations of the Eighth Amendment. In the complaint, plaintiff names as defendants Georgia Department of Corrections, Carl Humphrey, Peter Ankoh and Correctional Officer Anderson.

Upon consideration of plaintiff's complaint, it appears that although the Georgia Department of Corrections is named as a defendant, it is not a proper party in this action.

The Eleventh Amendment bars suits against states and those entities which are arms of the state. *Fouche v. Jeckyll Island-State Park Authority*, 713 F.2d 1518, 1520 (11th Cir. 1983). An entity is an arm of the state when the relief sought against the named defendant would actually operate against the state if granted. *Jackson v. Georgia Dep't of Transp*., 16 F.3d 1573, 1577 (11th Cir. 1994).

Plaintiff also names Warden Carl Humphrey as a defendant.  Although Warden Humphrey has been named as a defendant, sufficient allegations have not been set forth against him to impose liability under § 1983.  It is a general rule that respondeat superior is not a sufficient basis for imposing liability under § 1983.  *Rogers v. Evans*, 792 F.2d 1052 (11th Cir. 1986).  Plaintiff must show that the defendant had personal knowledge or involvement in the denial of a constitutional right, or was present when the deprivation occurred, but took no action to stop it.  *Brown v. Crawford*, 906 F.2d 667 (11th Cir. 1990).  In this instance, plaintiff has not alleged that Warden Humphrey had personal knowledge of or involvement in the alleged violations of plaintiff's constitutional rights. Therefore, it is the **RECOMMENDATION** of the undersigned that this defendant be **DISMISSED**.

Accordingly, the undersigned **RECOMMENDS** that the claims against the Georgia Department of Corrections and Carl Humphrey be **DISMISSED** and that said parties be terminated as a defendant herein.

Pursuant to 28  U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this **RECOMMENDATION** with Chief United States District Judge W. Louis Sands, by filing the same in writing with the Clerk  **WITHIN TEN (10) DAYS** after being served with a copy thereof.

**SO RECOMMEND**, this 14th  day of April, 2005.


/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

mh