IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| DERRICK WYNN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | CIVIL ACTION FILE NO. |
| | : | **1: 04-CV-37 (WLS)** |
| PETER ANKOH, and | : | |
| OFFICER ANDERSON, | | |
| | : | |
| Defendants. | : | |

**RECOMMENDATION**

Presently pending in this *pro se* prisoner 42 U.S.C. § 1983 action is defendants' motion for summary judgment. (Doc 19).

Plaintiff, at all times relevant to this action, was an inmate at Autry State Prison. Plaintiff alleges that on May 29, 2002, defendant Anderson was deliberately indifferent to his safety when Anderson instructed plaintiff to work on the floor stripping detail without plaintiff having the proper equipment. Plaintiff consequently slipped and fell. Plaintiff alleges that defendant Ankoh was deliberately indifferent to his serious medical needs resulting from his slip and fall injury.

In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Welch v. Celotex Corp., 951 F.2d 1235 (11th Cir. 1992)(citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof

at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

When the nonmoving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the nonmoving party's claim, or by pointing to specific portions of the record which demonstrate that the nonmoving party cannot meet its burden of proof at trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-608 (11th Cir. 1991).

The existence of material disputed facts will not defeat summary judgment in favor of a public official, however, when the plaintiff "fails to make a showing sufficient to establish the existence of an element essential to [plaintiff's] case, and on which [plaintiff] will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322-23, 106 S.Ct. at 2552. Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

*1. Defendant Anderson*

Defendant Anderson apparently supervised plaintiff on the occasion of his slip and fall while performing floor stripping detail. Plaintiff admits that he has "stripped waxed floors from 1991-1993 and from March 2002 .." until the incident in question. (Exhibit G Doc. 20). In plaintiff's grievance regarding this incident, he admits that he was issued rubber boots, but complains that

they did not provide "adequate traction for slippery surfaces."  (Exhibit B Doc 20).

Defendants assert that plaintiff was very familiar with the floor stripping detail, and was issued rubber boots with a skid resistant sole, gloves, goggles, and a face mask.  (Exhibit C Doc. 20) in order to perform the job.

Slip and fall accidents do not give rise to federal causes of action. *See e.g.*, LeMaire v. Maass, 12 F.3d 1444, 1457 (9 Cir.1993) ("slippery prison floors... do not state even an arguable claim for cruel and unusual punishment.); Denz v. Clearfield Co., 712 F.Supp. 65, 66 (W.D.Pa.1989) (finding no Eighth Amendment violation based on slippery floor in prison cell); Mitchell v. West Virginia, 554 F.Supp. 1215, 1216-17 (N.D.W.Va.1983) (finding no Eighth Amendment violation based on slippery floor in prison dining hall); Robinson v. Cuyler,  511 F.Supp. 161, 162, 163 (E.D.Pa.1981) (finding no Eighth Amendment violation based on slippery floor in prison kitchen);  Tunstall v. Rowe, 478 F.Supp. 87, 88, 89 (N.D.Ill.1979) (finding no Eighth Amendment violation based on greasy prison stairway).

Individuals do not have a constitutional right (1) to be free from a government employee's negligence, even if it causes an injury or (2) to have the government protect them from such an injury. Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). To amount to a violation of the Constitution, the officials' actions must be deliberate or reckless in the criminal sense. Whitley v. Albers, 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). Although plaintiff's complaint is couched in language of both "negligence" and "deliberate indifference," he has alleged no actions on the part of defendants which could be construed as deliberately causing plaintiff to slip and fall. Plaintiff's allegations, at most, state a negligence claim for the rubber boots he admitted he was issued did not have enough grip to prevent his slip and fall, and

are, therefore, not cognizable under section 1983.

*2. Dr. Ankoh*

Plaintiff alleges that Dr. Ankoh was deliberately indifferent to his serious medical needs arising from his slip and fall injury.  According to Dr. Ankoh's affidavit (Exhibit F Doc 20), he first saw plaintiff for this injury on May 29, 2002, and ordered a series of x-rays of the neck and skull, which showed no acute fractures.  Dr. Ankoh saw plaintiff again on July 2, 2002 for complaints of persisting neck pain.  Dr. Ankoh ordered an MRI, but it was denied by Utilization Management.  Dr. Ankoh then referred plaintiff to an orthopedic surgeon on July 18, 2002.  The orthopedic surgeon cleared plaintiff of acute fractures or dislocations.

It is well established that prison personnel may not subject inmates to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97 (1976).   However, "[m]ere incidents of negligence or malpractice do not rise to the level of constitutional violations." Harris, 941 F.2d at 1505.  It must involve the "unnecessary and wanton infliction of pain contrary to contemporary standards of decency." Helling v. McKinney, 509 U.S. 25 (1993).    Knowledge of the medical need alleged or circumstances clearly indicating the existence of such need is essential to a finding of deliberate indifference.  Hill v. Dekalb Regional Youth Detention Center, 40 F.3d 1176, 1191 (11th Cir. 1994), quoting  Horn ex rel. Parks v. Madison Co. Fiscal Court, 22 F.3d 653, 660 (6th Cir. 1994), cert. denied, 513 U.S. 873 (1994).    In the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to

4

serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.  "It is......true that when a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation."  McElligott v. Foley, 182 F.3d 1248, 1256-1257 (11th Cir. 1999).

   A serious medical need is considered "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994) (quotation marks and citation omitted).

   Just because a plaintiff disagrees with the medical decision does not evidence deliberate indifference to his serious medical needs.  This case sounds in medical malpractice, which does not arise to the level of a constitutional violation.   To demonstrate "significant" harm, a plaintiff must provide verifying medical evidence that proves that it was the denial or delay in medical treatment that caused the harm rather than an underlying condition or injury.  Hill, 40 F.3d at 1186;  Harris,  21 F.3d at 393-94 (11th Cir.1994).

   Nothing plaintiff has provided the court, nor anything revealed by a review of the record, rebuts defendants' properly supported motion for summary judgment.   Consequently, it is the RECOMMENDATION of the undersigned that the motion for summary judgment filed on behalf of defendants be **GRANTED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 3rd day of August, 2006.

                 //S Richard L. Hodge
                 RICHARD L. HODGE
                 UNITED STATES MAGISTRATE JUDGE

msd